**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

In re:

25350 Pleasant Valley LLC                          Case No. 23-11983-KHK
                                                   Chapter 11
Debtor

**ORDER DENYING APPLICATION FOR COMPENSATION OF BROKER**

This matter was before the Court on June 18, 2025 for a hearing on the Application for Compensation for Stephen Karbelk and Century 21 New Millenium as Realtor (Docket No. 378) (the "Karbelk Fee Application"), the U.S. Trustee's objection thereto (Docket No. 383), the Brief in Support filed by Stephen Karbelk (Docket No. 388),  and the Limited Response in support filed by the Debtor (Docket No. 390).  For the reasons that follow, the Court will deny the Karbelk Fee Application.

**Procedural History**

The Court will not exhaustively recite the history of this case, but only the facts relevant to the instant matter.  While this case was still pending in Chapter 7 following its conversion from Chapter 11, the Chapter 7 Trustee retained Mr. Karbelk and Century 21 New Millenium to handle the sale of the Debtor's two commercial condominium units.  Docket No. 136.  Mr. Karbelk's retention application provided in relevant part, "[p]ursuant to the Listing Agreement, the commission due on sale of the Units will be Five and One-Half percent (5.5%) of the sale price."  Docket No. 136, pg. 3. The Court approved the retention and compensation terms by Order entered on July 3, 2024.  Docket No. 167.

While Mr. Karbelk undoubtedly performed services in anticipation of selling the units and

procured ready, willing and able buyers for the units, ultimately, the units were not sold because the case was reconverted to Chapter 11 through the efforts of the Chapter 7 Trustee, the principal of the Debtor and the stakeholders, including the Debtor's secured creditors, in the case.  In connection with the reconversion, the parties that supported the reconversion contemplated that among other things, the Chapter 7 Trustee and her professionals would be paid.[1]

The Karbelk Fee Application and the Parties' Positions

Following reconversion of the case, the former Chapter 7 Trustee filed the Karbelk Fee Application seeking compensation for Mr. Karbelk in the amount of $100,500.[2]  The Trustee argued that, under the circumstances of this case, section 328(a) of the Bankruptcy Code allows for compensation differing from the commission basis Mr. Karbelk was employed to receive.  In other words, the Trustee argued that the prior agreement proved to have been improvident in light of developments that could not be anticipated at the time of the agreement.  The Trustee goes on to argue that "no one associated with this case anticipated that forbearance agreements would be achieved with the two mortgage lenders and that the case would be reconverted to Chapter 11.  In the Trustee's extensive experience, this has never happened."  Docket No. 378, pg. 5.  Mr. Karbelk, by counsel, filed a Brief in further support of the Karbelk Fee Application (Docket No. 388) (the "Karbelk Brief").  Counsel for Mr. Karbelk reiterated the Trustee's prior arguments, highlighted the extensive work performed by Mr. Karbelk and emphasized how his contribution led to the efforts to reconvert the case to chapter 11.  Karbelk Brief, pgs. 2-3.  Counsel for Mr. Karbelk likewise cites to section 328 arguing that this case's circumstances warrant disturbing the previously approved commission structure and that "the multi-party agreements reached to effect a re-conversion in this case could not

---

[1] Docket No. 340, pg. 5.; Docket No. 340, Exhibit 1.

[2] This figure was reached by calculating the potential commission on then pending contracts, which amounted to $126,540 and a separate offer Mr. Karbelk also procured, which would have resulted in a commission of $87,000. The $100,500 figure was close to the midpoint between the two amounts.  Docket No. 378, pg. 4.

reasonably have been foreseen." Karbelk Brief, pg. 4. Counsel for Mr. Karbelk also argues that

section 330 of the Bankruptcy Code provides a mechanism to pay Mr. Karbelk notwithstanding the

prior approval under section 328. In support of that proposition counsel cites to *In re Cummings*, 659

B.R. 895 (Bankr. D.N.M. 2024) and *In re Bartlett*, 590 B.R. 175, 178 (Bankr. D. Mass. 2018).

Counsel then goes on to argue that the factors under section 330(a)(3) weigh in favor of reasonable

compensation for Mr. Karbelk. Finally, counsel indicates that Mr. Karbelk has voluntarily agreed to

reduce his requested fees to a total of $50,000 and that the Debtor has consented to the payment of

such fees.[3]

The U.S. Trustee opposes payment of the requested fees because Mr. Karbelk's retention and

his compensation were approved on a commission basis. The U.S. Trustee argues that the

circumstances here do not warrant disturbing the commission structure previously approved.

### Conclusions of Law

The Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b). This

is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

Section 328 of the Bankruptcy Code permits a trustee to employ professionals "under section

327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment,

including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee

basis." 11 U.S.C. § 328(a). Section 328(a) further provides that

> Notwithstanding such terms and conditions, the court may allow compensation
> different from the compensation provided under such terms and conditions after the
> conclusion of employment, if such terms and conditions prove to have been
> improvident in light of developments not capable of being anticipated at the time of
> the fixing of such terms and conditions.

---

[3] As previously noted, the Debtor filed a response in support of the Karbelk Fee Application.

The improvident standard under section 328(a) is a high hurdle to clear. *In re LeClairRyan PLLC*, No. 19-34574-KRH, 2022 WL 2346849, at *12 (Bankr. E.D. Va. June 28, 2022). Subsequent events in the case must be "incapable of being foreseen." *ASARCO, L.L.C. v. Barclays Cap., Inc. (In re ASARCO, L.L.C.)*, 702 F.3d 250, 258 (5th Cir. 2012) (quoting *Daniels v. Barron (In re Barron)*, 325 F.3d 690, 693 (5th Cir. 2003)). "There is wide agreement that unanticipated events are not grounds for revisiting a pre-approved fee award. The events must be not capable of being anticipated." *Riker, Danzig, Scherer, Hyland & Perretti LLP v. Official Comm. of Unsecured Creditors (In re Smart World Techs. LLC)*, 383 B.R. 869, 877 (S.D.N.Y. 2008) (internal quotation marks omitted). "Courts have found the following developments capable of being anticipated: the size and scope of a settlement, a better-than-expected recovery, complexity in litigation, and acrimonious relations developing between counsel and creditors committee". *In re LeClairRyan PLLC*, No. 19-34574-KRH, 2022 WL 2346849, at *12 (Bankr. E.D. Va. June 28, 2022) (citing *Riker, Danzig, Scherer, Hyland & Perretti LLP v. Official Comm. of Unsecured Creditors (In re Smart World Techs. LLC)*, 383 B.R. at 877).

The Court acknowledges Mr. Karbelk's extensive efforts in connection with the anticipated sales of the units prior to conversion. Nevertheless, the Court finds that Mr. Karbelk has not cleared section 328(a)'s high hurdle. First, the Court finds that Mr. Karbelk's cited authorities address reasonable compensation for a chapter 7 Trustee and do not deal with previously approved compensation terms under section 328. Second, despite Mr. Karbelk's forceful argument under section 330, the Court need look no further than the plain language of section 330(a)(1), which makes an award of reasonable fees thereunder expressly subject to section 328 of the Bankruptcy Code. If an applicant is unable to satisfy the requirements of 328, the Court cannot reach a reasonableness review under section 330(a)(1) and section 330(a)(3)'s factors.

Here, the Court finds that Mr. Karbelk fails to establish that his commission-based compensation terms have proven "to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions." 11 U.S.C. § 328(a).  First, although Mr. Karbelk argues that the reconversion of the case could not reasonably have been foreseen, that is not the law.  The developments must be *incapable* of being foreseen.  What happened here amounts to a greater than expected settlement between the various stakeholders, which is a circumstance that courts have held *is* capable of being foreseen.  In addition, the Court finds that in the case of a commission-based payment structure, it is always foreseeable that a sale might not occur and that a broker may go unpaid—that is the very nature of such a contingent payment structure.  So, in that circumstance too, the Court cannot find that a lack of sale and corresponding lack of commission is a circumstance incapable of being foreseen.

Accordingly, based on the foregoing, the Court will deny the Karbelk Fee Application.

### Conclusion

It is therefore hereby,

**ORDERED:**

1.    The Karbelk Fee Application is DENIED.

2.    The Clerk shall provide a copy of this order and notice of its entry to the parties listed below.

Dated: Aug 22 2025

/s/ Klinette H Kindred

Klinette H. Kindred
United States Bankruptcy Judge

Entered On Docket: Aug 22 2025

5

**Electronic copies to:**

Kevin M. O'Donnell
*Counsel for Stephen Karbelk*

John P. Forest
*Counsel for Debtor*

Jack Frankel
*Office of the U. S. Trustee*

Janet M. Meiburger
*Former Chapter 7 Trustee*

Christopher L. Rogan
*Counsel for Elshan Bayramov*