**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| In re: ) | |
| ) | |
| **25350 PLEASANT VALLEY LLC,** ) | **Case No. 23-11983-KHK** |
| ) | **Chapter 11** |
| **Debtor.** ) | |
| ) | |

**AUTOMOTIVE FINANCE CORPORATION'S JOINDER IN OBJECTION AND**
**ADDITIONAL OBJECTION TO FIFTH AMENDED PLAN OF REORGANIZATION**

Automotive Finance Corporation ("AFC"), by counsel, pursuant to 11 U.S.C. § 1129, joins in the *Objection to Confirmation of Fifth Amended Plan of Reorganization* (Docket No. 504) (the "UST Objection") filed by the United States Trustee and submits its additional objection to the *Fifth Amended Plan of Reorganization* (Docket No. 494) (the "Fifth Amended Plan") filed by Pleasant Valley LLC (the "Debtor"), debtor and debtor-in-possession herein, and in support thereof states as follows:

**I. Jurisdiction and Venue**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

2.      This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(L).

**II. General Background**

3.      On December 6, 2023 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §101 *et seq*. (the "Bankruptcy Code"). The case was subsequently converted to a case under Chapter 7 by *Order* entered on April 19, 2024 (Docket No. 82) and was reconverted to a case under Chapter 11 by *Consent Order* entered on April 17, 2025 (Docket No. 351).

Robert M. Marino, Esq. VSB #26076
Redmon, Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, Virginia 22314-3143
Phone: 703-879-2676 (Direct)
Facsimile: 703-684-5109
Email: rmmarino@rpb-law.com
Local Counsel for Automotive Finance Corporation

Andrew T. Kight, Esq.
JACOBSON HILE KIGHT LLC
The Elliott House
108 E. 9th Street
Indianapolis, Indiana 46202
Telephone: (317) 608-1130
Email: akight@jhklegal.com
Lead Counsel for Automotive Finance Corporation

4.      AFC is a creditor of the Debtor and timely filed four proofs of claim in this case totaling $7,297,782.37 as follows: (a) Claim No. 3-1, an unsecured claim in the amount of $623,416.85; (b) Claim No. 4-1, an unsecured claim in the amount of $5,964,660.02; (c) Claim No. 5-1, an unsecured claim in the amount of $171,749.38; and (d) Claim No. 6-1, an unsecured claim in the amount of $537,956.12 (collectively, the "AFC Claims"). No objections have been filed with respect to the AFC Claims.

5.      On November 24, 2025, the Debtor filed its *Fourth Amended Plan of Reorganization* and its *Fifth Amended Disclosure Statement* (Docket No. 474) (the "Disclosure Statement"). The *Disclosure Statement* was approved by Order entered on January 8, 2025 (Docket No. 489).

6.      On January 16, 2026, the Debtor filed the *Fifth Amended Plan*, and the deadline to object to said plan and submit ballots is February 24, 2026.

7.      AFC has timely submitted its ballot rejecting the *Fifth Amended Plan* and timely submits this Joinder and Objection.

### III. Basis for AFC's Objection

**i.      Joinder in the UST Objection**

8.      For the reasons set forth in the *UST Objection*, the *Fifth Amended Plan* cannot be confirmed and AFC respectfully joins in the *UST Objection*.

**ii.      Additional Objection**

9.      In addition to the reasons set forth in the *UST Objection*, the *Fifth Amended Plan* cannot be confirmed because it (a) is not feasible in accordance with 11 U.S.C. § 1129(a)(11); (b) unfairly discriminates in the treatment of general unsecured claims in violation of 11 U.S.C. §

2

1129(b)(1); and (c) violates the absolute priority rule of 11 U.S.C. § 1129(b)(2)(B)(ii) with respect to Babak Bayramov's retention of an interest in the Debtor.

10. The *UST Objection* details why the *Fifth Amended Plan* is not feasible under 11 U.S.C. § 1129(a)(11), because the Debtor's 10-year funding projections are unreliable. In addition to that reason, the *Fifth Amended Plan* is not feasible because the liquidity of the proposed new value contributors, particularly Elshan and Babak Bayramov (collectively, the "Bayramovs"), is uncertain. Like the Debtor, the Bayramovs are indebted to AFC for millions of dollars and nothing in this bankruptcy case limits that liability. If and when AFC pursues the Bayramovs, the uncertainty regarding their ability to satisfy funding commitments under the *Fifth Amended Plan* will increase substantially. For this reason, the *Fifth Amended Plan* is not feasible and cannot be confirmed.

11. The *UST Objection* includes an objection to the separate classification of general unsecured claims. The general unsecured claim of Epic at Dulles South Condominium Unit Owner's Association ("Epic") is in Class 5; the general unsecured claims of the U.S. Small Business Administration, American Credit Acceptance, AFC, and the bankruptcy estate of Total Auto Finance, LLC are in Class 6. In addition to the issue raised by the classification of these claims, the *Fifth Amended Plan* also treats them differently. Epic's Class 5 claim will be paid in full, partly on the Effective Date with the balance paid through regular monthly payments. *Fifth Amended Plan*, at Art. VIII. The claims of Class 6 creditors will be partially satisfied through quarterly pro rata payments "as provided and specified in the Projections through the Commitment Period." *Id.*, at Art. IX. Class 6 creditors filed proofs of claim totaling roughly $38,612,000, and "the Debtor anticipates making payments to general unsecured creditors of approximately $888,100." *Id.*, at Art. XI. That is a 2.3% recovery. The disparate treatment of these claims

3

constitutes unfair discrimination under 11 U.S.C. § 1129(b)(1). *See In re Simon*, Case No. 07-31414-KRH, 2008 Bankr. LEXIS 2787, at \*7 (E.D. Va. July 29, 2008) ("The Code's inclusion of the unfair discrimination standard in § 1129(b)(1) was intended to deal with claims having the same legal rights against the debtor, but which are properly classified separately. '[A] plan may separately classify different claims in a way that satisfies section 1122 and section 1129(a)(1), but run afoul of unfair discrimination under section 1128(b)(1).'") (quoting COLLIER ON BANKRUPTCY ¶ 1129.02[4] (15th ed.)). As a result, the *Fifth Amended Plan* cannot be confirmed.

12.    As set forth in the *UST Objection*, because the proposed new value contributions will not be made in full by the Effective Date, the *Fifth Amended Plan* violates the absolute priority rule of 11 U.S.C. § 1129(b)(2)(B)(ii). It also violates the absolute priority rule because Babak Bayramov will retain an interest in the Debtor without making a new value contribution. At the time of filing, the Bayramovs were 50% owners of the Debtor. *See Statement of Financial Affairs*, Docket No. 25. Under the *Fifth Amended Plan*, the Bayramovs will retain an ownership interest in the Debtor and Elshan, on the Effective Date, will own 26% and Babak will own 25%. *Fifth Amended Plan*, at Art. X. Although Exhibit D of the *Fifth Amended Plan* contemplates that Babak will sign the *Confessed Judgment Promissory Note* (which is currently in an unknown amount), Exhibit A suggests otherwise. That exhibit details the 10-year new value contributions to be made by each individual and indicates that while Rovshan Hamidov, Anthony Halabi, and Elshan Bayramov will make contributions, Babak Bayramov will contribute nothing. Because Babak will retain an interest in the Debtor without payment in full to general unsecured creditors, the *Fifth Amended Plan* violates the absolute priority rule of 11 U.S.C. § 1129(b)(2)(B)(ii) and cannot be confirmed.

[Continued on next page.]

4

## IV. Conclusion

13.      For the foregoing reasons, AFC objects to the *Fifth Amended Plan* and requests that

confirmation be denied.

Dated: February 24, 2026

Respectfully submitted,
/s/ Robert M. Marino
Robert M. Marino, Esq.  VSB #26076
Redmon, Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, Virginia 22314-3143
Phone: 703-879-2676 (Direct)
Facsimile: 703-684-5109
Email:  rmmarino@rpb-law.com
Local Counsel for Automotive Finance Corporation

Andrew T. Kight, Esq.
JACOBSON HILE KIGHT LLC
The Elliott House
108 E. 9th Street
Indianapolis, Indiana 46202
Telephone: (317) 608-1130
Email: akight@jhklegal.com
Lead Counsel for Automotive Finance Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of February, 2026, I caused a true copy of the foregoing *Objection* to be served electronically through the electronic case filing system to all persons entering their appearance and requesting notice in this case, and by email to the following persons:

John P. Forest, II, Esq.
Counsel for Debtor
john@forestlawfirm.com

Michael T. Freeman, Esq.
Assistant United States Trustee
michael.t.freeman@usdoj.gov

/s/ Robert M. Marino
Robert M. Marino

5