John P. Forest, II, VSB# 33089
11350 Random Hills Rd., Suite 700
Fairfax, VA 22030
(703) 691-4940
*Counsel for the Debtor*

THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| IN RE: 25350 PLEASANT VALLEY LLC | ) | |
| | ) | Docket Number 23-11983-KHK |
| Debtor | ) | Chapter 11 |
| | ) | |

**ORDER ON CONSENT
MOTION TO AUTHORIZE USE OF CASH COLLATERAL
AND AUTHORIZE ADEQUATE PROTECTION PAYMENTS
AND SETTING HEARING DATE**

This matter came to be heard upon the Debtor's Consent Motion to Authorize Use of Cash

Collateral and Granting Adequate Protection [Docket Entry No. 362] (the "Motion").

Upon consideration of the Motion, the earlier Consent Order entered by this Court [Docket

Entry 364] and the matters otherwise presented to the Court, it appearing to the Court that:

(a)      The Debtor filed a Petition for Relief on December 6, 2023 (the "Petition Date").

This matter had been converted to a proceeding pursuant to Chapter 7 of the Bankruptcy Code,

but on April 17, 2025, this Court entered an order re-converting the case to a proceeding under

Chapter 11 of the Bankruptcy Code.

(b)      In the ordinary course of business, the Debtor requires cash flow from operations.

The Debtor's cash and cash proceeds as such term is defined in 11 U.S.C. § 363(a), "Cash

Collateral") is subject to a perfected security interest by Northwest Federal Credit Union

("NWFCU"), and MainStreet Bank ("MainStreet").

(c)      The Debtor has a need to use Cash Collateral. Absent such use, the Debtor will be

[1]

unable to fund operations, and its estate and creditors may suffer irreparable harm.

(d)     Good cause has been shown to justify the grant of relief.

(e)     The terms of the Debtor's use of Cash Collateral, as set forth in this Order, are fair and reasonable, (ii) reflect the Debtor's prudent business judgment consistent with its fiduciary duties, constitute reasonably equivalent value and fair consideration; and are essential and appropriate for the continued operation and management of the Debtor's business and the preservation of the Property.

(f)     Entry of this Order is in the best interests of the Debtor and its estate and creditors.

(g)     The adequate protection provided to NWFCU and MainStreet under this Order is sufficient to protect NWFCU and MainStreet against any diminution in the value of its interests in any Cash Collateral and other assets as to which NWFCU and MainStreet, and the SBA may have a lien, and is fair, reasonable, and satisfy the requirements of the Code.

It is, therefore, ORDERED:

1.     The Motion is granted and the Debtor's use of Cash Collateral is approved as set forth herein and the Budget attached to this Order as Exhibit 1 (the "Budget").

2.     Capitalized terms used but not defined herein shall have the meanings ascribed to such terms as in the Motion, as amended.

3.     Subject to the terms and conditions of this Order, the Debtor may use Cash Collateral from the date of this Order up to the amounts stated for any line item in the Budget plus 10% for each line item, during the periods and for the purposes in the Budget.

4.     The Debtor may utilize amounts for miscellaneous items set forth in the Budget for any budgeted expense.

5.     As adequate protection for NWFCU and MainStreet, the Debtor shall make such

[2]

payments to NWFCU and MainStreet as reflected in the Budget recognizing that NWFCU is not receiving the full amount under its forbearance agreement and it reserves all rights without waiver by accepting the smaller amount.

6.      As adequate protection for the use and/or diminution of the interests of NWFCU and MainStreet, pursuant to 11 U.S.C. § 361, NWFCU and MainStreet shall have replacement liens on all of the Debtor's post-petition assets and the proceeds thereof, which replacement liens shall be limited to any diminution in value of any interest in the Cash Collateral from and after the Petition Date.

8.      The occurrence of any of the following shall constitute an event of default under this Order: (a) conversion of this case to a case under Chapter 7 of the Code; (b) the dismissal of this bankruptcy case; or (c) the failure of the Debtor to timely make any of the payments set forth in the Budget (each of the foregoing being an "Event of Default"). Upon or after the occurrence of any Event of Default, and at all times thereafter, the Debtor's authority to use Cash Collateral shall terminate automatically without further order of this Court.

9.      This Court shall hold another hearing upon the Motion on April 7, 2026 at 12:00 p.m.

10.      The authorized use of Cash Collateral shall terminate on April 7, 2026 at 11:59 p.m. Termination of the authorized use of Cash Collateral shall not impair the continuing effectiveness and enforceability of the other provisions of this Order.

/s/ Klinette H Kindred
United States Bankruptcy Judge

Date: Mar 16 2026

Entered On Docket: Mar 17 2026

[3]

I ASK FOR THIS:


/s/ John P. Forest, II
John P. Forest, II, VSB# 33089
11350 Random Hills Rd., Suite 700
Fairfax, VA 22030
(703) 691-4940
john@forestlawfirm.com
*Counsel for the Debtor*

SEEN:


/s/ Lee B. Rauch [by JPF w/ perm]
Lee B. Rauch, VSB No. 95543
Funk & Bolton, P.A.
100 Light Street, Suite 1400
Baltimore, Maryland 21202
410.659.4984 (direct)
410.659.7773 (facsimile)
lrauch@fblaw.com
*Counsel for MainStreet Bank*


/s/ Eric S. Schuster [by JPF w/ perm]
Eric S. Schuster (MD #03417, *pro hac vice* application granted)
Funk & Bolton, P.A.
100 Light Street, Suite 1400
Baltimore, Maryland 21202
410.659.4983 (direct)
410.659.7773 (facsimile)
eschuster@fblaw.com
*Counsel for MainStreet Bank*


/s/ Eugene W. Policastri [by JPF w/ perm]
Eugene W. Policastri, VSB No. 65837
Policastri Law Firm, LLC
600 Jefferson Plaza, Suite 308
Rockville, Maryland 20852
240-660-2219 (phone)
240-235-4399 (facsimile)
gene@policastrilawfirm.com
*Counsel for Northwest Federal Credit Union*

[4]

**Local Rule 9022-1(C) Certification**

I hereby certify that the foregoing Order has been endorsed by or served upon all necessary parties.

*/s/ John P. Forest, II*
John P. Forest, II

**EXHIBIT 1 FOLLOWS THIS PAGE**

[6]

**EXHIBIT TO CASH COLLATERAL ORDER**

| | BUDGET | |
|---|---|---|
| **RENTAL INCOME / CONTRIBUTIONS** | **Mar-26** | **Apr-26** |
| ADM LLC Rent | $ 10,000 | $ 10,000 |
| KBL LLC Rent | $ 10,000 | $ 10,000 |
| **TOT. RENT REC.** | $ 20,000 | $ 20,000 |
| | | |
| **EXPENSES** | | |
| Prop.Tax - Loudoun Co. | | |
| General Admin Expenses | | |
| Condo Fees Mo. Budg. / Pd. Qtrly. | | |
| **TOTAL EXPENSES** | $ - | $ - |
| | | |
| **PROJ. NET CF OPS.** | $ 20,000 | $ 20,000 |
| | | |
| **PLAN CONTRIBUTIONS** | | |
| **R. Hamidov (ADM 50%) - ADM ESCROW** | $ - | $ - |
| **A. Halabi (ADM 50%) _ ADM ESCROW** | $ - | $ - |
| **E. Bayramov – Mgr. 25350 PLV & ADM Consult.  - ADM ESCROW** | $ - | $ - |
| | | |
| **CASH BALANCE ROLLFORWARD** | | |
| Beg. Cash Bal./Acct. 25350 PLV | $ 2,750 | $ 100 |
| Proj. Plan Funding / Net CF + Contrib. | $ 20,000 | $ 20,000 |
| Total plan payments | $ 22,650 | $ 17,150 |
| **CASH ENDING BALANCE** | $ 100 | $ 2,950 |
| | | |
| **PROJ. PMTS. TO CLAIMANTS** | | |
| **Chapter 7 Trustee Janet Meiburger - Trustee** | $ - | |
| **Class 3 U.S. SBA EIDL LOAN  ( Secured by-UCC)** | $ - | $ - |
| **SALES BROKER EXPENSE/ ALLOWANCE** | $ - | |
| **Condo Fees – Catch-Up (Accrued Pre-Ch.11 Conversion)** | $ - | |
| **Sadiq Hafiz (Buyer)  Refund (App/DD)** | $ - | |
| **Condo Assoc. Legal Exp. (per agreement with Counsels)** | $ - | |
| **UNSECURED CREDITORS PAYMENTS - AFC+ ACA** | 0 | 0 |
| **NWFCU Loan Payment - debt service** | $ 5,500 | $ - |
| **MSB Loan Loan Payment - debt service** | $ 17,150 | $ 17,150 |
| **John Forest Legal Admin Fees for Chapter 11 Case** | $ - | |
| **TOTAL PLAN PAYMENTS** | $ 22,650 | $ 17,150 |