Maurice B. VerStandig, Esq.
Bar No. 81556
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 991-1101
Facsimile: (301) 444-4600
mac@dcbankruptcy.com
*Proposed Counsel for the Debtor*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 23-11983-KHK |
| | ) | (Chapter 11) |
| 25350 PLEASANT VALLEY LLC | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**APPLICATION TO APPROVE EMPLOYMENT OF
MAURICE B. VERSTANDIG, ESQ. AND THE VERSTANDIG
LAW FIRM AS GENERAL REORGANIZATION COUNSEL TO
DEBTOR AND TO APPROVE PAYMENT OF POST-PETITION RETAINER**

Comes now 25350 Pleasant Valley LLC (the "Debtor" or "Applicant"), pursuant to Sections 327 and 329 of Title 11 of the United States Code (the "Bankruptcy Code"), as well as Federal Rule of Bankruptcy Procedure 2014, and applies to engage Maurice B. VerStandig, Esq. and The VerStandig Law Firm, LLC d/b/a The Belmont Firm (collectively, "VLF"), as general reorganization counsel to the Debtor, and in support thereof states as follows:

1.     This case was commenced when the Debtor filed a petition for chapter 11 relief, pursuant to Section 301 of the Bankruptcy Code, on December 6, 2023.

2.     While this matter was subsequently converted to a proceeding under chapter 7 on April 19, 2024, DE #82. The case was then re-converted to a proceeding under chapter 11 on April 17, 2025. DE #351.

1

3.      The Debtor is, and at all times relevant since the case's re-conversion has been, a debtor-in-possession.

4.      The Debtor previously employed John P. Forest, II ("Mr. Forest") to serve as counsel in this case. *See* DE #68.

5.      Mr. Forest's license to practice law in the Commonwealth of Virginia has been suspended, as of March 24, 2026.

6.      By virtue of being suspended from the practice of law in the Commonwealth of Virginia, Mr. Forest is not presently an attorney imbued with the right to practice before this Honorable Court. *See* Local Rule 2090-1(B) ("An attorney . . . to maintain the right to practice before this Court . . . shall be and at all times must remain a member in good standing of the Bar of the Commonwealth of Virginia . . ."").

7.      The Debtor thusly now seeks to employ new counsel, so as to ensure the ongoing representation of a legal entity in chapter 11.

8.      Approval is instantly sought of VLF's employment to provide the following services to the Debtor as general reorganization counsel:

     a.      Prepare and file all necessary pleadings, motions, and other court papers, on behalf of the Debtor;

     b.      Negotiate with creditors, equity holders, and other interested parties; and

     c.      Tend to such other and further matters as are necessary and appropriate in the prism of this case.

9.      VLF, in turn, has indicated a willingness to represent the Debtor for the foregoing purposes, and to work to come up to speed on the intricacies of this case (inclusive of a pending real estate sale for which judicial approval needs to be sought and the consummation of which will

likely result in the effective winding up of the Debtor's estate), but VLF has conditioned such employment on the payment of a post-petition retainer of Fifteen Thousand Dollars and No Cents ($15,000.00).

10.     MainStreet Bank, the Debtor's secured creditor with a lien on the estate's cash assets, has agreed to allow a retainer of Fifteen Thousand Dollars and No Cents ($15,000.00) to be paid to VLF, so as to allow VLF to appear on behalf of the Debtor herein, and MainStreet Bank has further agreed such payment may be made outside the confines of any existing cash collateral restrictions.

11.     VLF does not represent any other person or entity in connection with this case, and both VLF and its principal are disinterested as that term is used in Section 101(14) of the Bankruptcy Code. VLF is not a creditor, an equity holder, or an insider of the Debtor; was not, within two years before the date of the petition for relief, a director, officer, or employee of the Debtor; and does not have any interest materially adverse to the interests of the estate or any class of creditors or equity holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor (or for any other reason). Further, VLF holds no interest adverse to the interests of the Debtor in connection with any of the matters for which employment is sought.

12.     VLF has no legal connection with the Debtor, the creditors herein, or any other parties in interest, nor with their respective counsel, nor with the United States Trustee or any person employed in the office of the United States Trustee, except as expressly disclosed in the affidavit of Maurice B. VerStandig attached hereto as Exhibit A.

13.     VLF has agreed to represent the Debtor at the rate of Six Hundred Fifty Dollars and No Cents ($600.00) per hour for partner time, Three Hundred Dollars and No Cents ($300.00) per hour for associate time, and One Hundred Dollars and No Cents ($100.00) per hour for paralegal

time; it is respectfully suggested these proposed rates are fair and reasonable, and these rates are consistent with the skills and reputation of VLF and its principal attorney.

14. All compensation sought in this matter will be subject to the review and approval of the United States Bankruptcy Court for the Eastern District of Virginia.

15. Attached hereto as Exhibit A, and incorporated herein by reference, is the declaration of Maurice B. VerStandig, Esq. in support of this application.

16. Attached hereto as Exhibit B, and incorporated herein by reference, is an engagement agreement entered into between the Debtor and VLF.

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) enter an order approving the employment of Maurice B. VerStandig, Esq. and The VerStandig Law Firm, LLC as general reorganization counsel to the Debtor; (ii) permit the Debtor to pay a post-petition retainer of Fifteen Thousand Dollars and No Cents ($15,000.00) to The VerStandig Law Firm, LLC, with such payment to be outside the confines of any extant cash collateral order; and (iii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: April 3, 2026

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 81556
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 991-1101
Facsimile: (301) 444-4600
mac@dcbankruptcy.com
*Proposed Counsel for the Debtor*

*[Certificate of Service on Following Page]*

4

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 3rd day of April, 2026, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig
