Maurice B. VerStandig, Esq.
Bar No. 81556
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 991-1101
Facsimile: (301) 444-4600
mac@dcbankruptcy.com
*Proposed Counsel for the Debtor*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 23-11983-KHK |
| | ) | (Chapter 11) |
| 25350 PLEASANT VALLEY LLC | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**MOTION TO EXPEDITE CONSIDERATION OF—AND TO SHORTEN TIME TO
RESPOND TO—APPLICATION TO APPROVE EMPLOYMENT OF
MAURICE B. VERSTANDIG, ESQ. AND THE VERSTANDIG
LAW FIRM AS GENERAL REORGANIZATION COUNSEL TO
<u>DEBTOR AND TO APPROVE PAYMENT OF POST-PETITION RETAINER</u>**

Comes now 25350 Pleasant Valley LLC (the "Debtor" or "Movant"), pursuant to Local

Rule 9013-1(N-O), and respectfully moves this Honorable Court to expedite consideration of—

and to shorten time to respond to—the Application to Approve Employment of Maurice B.

VerStandig, Esq. and The VerStandig Law Firm as General Reorganization Counsel to Debtor and

to Approve Payment of Post-Petition Retainer (the "Application"), and in support thereof states as

follows:

I.      **Introduction**

As noted in the Application, the Debtor's former reorganization counsel, John P. Forest, II

("Mr. Forest"), has been temporarily suspended from the practice of law in the Commonwealth of

1

Virginia and, through such suspension, has ceased to be a person permitted to practice law before this Honorable Court. While such an occurrence could assuredly never prove fortunate for a represented party, the timing of the subject suspension is particularly difficult in this case as the Debtor (i) is feverishly working to present, for judicial approval, a sales contract that will allow for the disposition of the estate's lone notable asset on favorable and advantageous terms; and (ii) faces an upcoming hearing (which the Debtor is moving to continue) at which the potential conversion or dismissal of this case will be assessed.

Quite plainly, the Debtor needs counsel. Not only is such required of a legal entity appearing in this Honorable Court but, as is contextually evident, this case is at a profound crossroads wherein the services of experienced insolvency counsel are as critical as ever. It does not, however, appear any such counsel is likely to agree to appear herein without receiving a retainer as security for the payment of services. Fortunately, though, the Debtor's secured creditor, MainStreet Bank, has agreed that its cash collateral may be used to pay a retainer of Fifteen Thousand Dollars and No Cents ($15,000.00), with such to be paid outside the confines of any extant cash collateral order. Such payment, however, necessarily requires court approval, and VLF will not agree to accept monies from the Debtor—even to be held in VLF's attorney trust account—unless and until such is authorized by this Honorable Court.

For these reasons, and as extrapolated upon *infra*, it is respectfully urged consideration of the Application be expedited to 12:00 pm on April 7, 2026, with any objections thereto being due not later than 5:00 pm on April 6, 2026.

**II.    Argument: Expedited Consideration and Shortened Response Time are Appropriate**

While the suspension of prior counsel from the practice of law is, invariably, going to invite some brief delay in this matter, all parties in interest are best served by ensuring that delay be as

brief as possible. Unless and until new counsel is employed, however, this case cannot much progress—whether in the direction of granting a yet-to-be-filed motion to sell the Debtor's lone notable asset or in the alternative direction of consideration a pending show cause order, DE #519, that contemplates potential dismissal or conversion. There is accordingly good cause to expedite consideration of the Application and to shorten the time to respond thereto.

At core, the Application makes two requests: (i) that undersigned proposed counsel be employed; and (ii) that a post-petition retainer be paid. Neither of these requests ought to prove overly controversial, for various reasons.

Vis a vis the employment of new counsel: the Debtor *needs* counsel. Such is not only a pragmatic and existential reality but, too, a matter of legal compulsion. No individual, other than an attorney, may herein advocate for the Debtor's interests (including the fiduciary charges owed to creditors) without committing a Class 1 misdemeanor. *See* Va. Code § 54.1-3904 (proscribing the unlicensed practice of law); *Wood v. Marshall*, 109 Va. Cir. 259, 262 (Cir. Ct. 2022) ("Generally, it is the unauthorized practice of law for a non-lawyer to represent another person or entity in court.") (citing Va. Code § 54.1-3904). Further, the rules of this Honorable Court expressly demand entities be represented by counsel (with various exceptions inapplicable *sub judice*). *See* Local Rule 9010-1. *See also Chien v. Commonwealth Biotechnologies, Inc.*, 484 B.R. 659, 666 (E.D. Va. 2012) (discussing "the long-standing principal that corporations must be represented by counsel. . .").

Further, with appropriate modesty, it seems unlikely the selection of counsel is likely to prove controversial. Undersigned proposed counsel splits his practice between the Washington, DC area (albeit with an emphasis on cases in the United States Bankruptcy Court for the District of Columbia) and the District of North Dakota. He is familiar with this Honorable Court, has

professional relationships with many (if not all) of the attorneys appearing in this case, and focusses the overwhelming majority of his practice on the management of chapter 11 cases. And, as noted in the Application, proposed counsel is disinterested. So shortening the time to consider employment ought to be relatively innocuous, especially when weighed against the potential detriments of occasioning undue delay in this case.

The other form of relief requested is the payment of a post-petition retainer. Plainly, proposed counsel will not agree to step into a facially complex case—let alone one in which a pending show cause order invites the prosper of conversion or dismissal—without reasonable assurances of payment. Fortunately, however, MainStreet Bank—the entity with a lien on the Debtor's cash and the entity, as such, that risks the perils of a diminution of that cash—has agreed the Debtor may pay Fifteen Thousand Dollars and No Cents ($15,000.00) as and for a retainer for new counsel.

So while there is, no doubt, some anomaly in asking for a post-petition retainer (albeit a level of anomaly surely exceeded by a debtor's prior counsel being suspended from the practice of law), the potential detriments thereof are likely to be felt by only one party in interest, and that party has agreed to the arrangement. This reality aids in ensuring the expediting of consideration, and shortening of response time, not invite undue prejudice to any party in interest: the creditor to be impacted has already reviewed—and agreed to—the relief being sought.

### III.    Conclusion

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) shorten—to 5:00 pm on Monday, April 6, 2026—the deadline for filing any objection to the Application; (ii) expedite consideration of the Application, with a hearing thereon to be held on Tuesday, April 7, 2026, at 12:00 pm; and (iii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: April 3, 2026

By: /s/ Maurice B. VerStandig
    Maurice B. VerStandig, Esq.
    Bar No. 81556
    The Belmont Firm
    1050 Connecticut Avenue, NW
    Suite 500
    Washington, DC 20036
    Phone: (202) 991-1101
    Facsimile: (301) 444-4600
    mac@dcbankruptcy.com
    *Proposed Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of April, 2026, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig

5