IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 23-11983-KHK |
| | ) | (Chapter 11) |
| 25350 PLEASANT VALLEY LLC | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## **LOCAL RULE 9013-1 CERTIFICATION**

1.      My name is Maurice VerStandig, I am over the age of eighteen, and I am competent to testify to the matters set forth herein.

2.      I have carefully examined the circumstances impacting the above-captioned case and have concluded that there is a true need for an expedited hearing on the application to employ new counsel.

3.      Specifically, I have come to understand that the debtor's prior counsel has been suspended from the practice of law and, as such, that the debtor cannot proceed with the services of counsel (something that is legally required of a limited liability company appearing in this Honorable Court) unless and until new counsel has its employment approved.

4.      Further, I do not believe the exigency has been created through a lack of diligence. Debtor's counsel was suspended from the practice of law on March 24, 2026. I understand that the Debtor was made aware of the suspension on April 1, 2026, and I became aware of the debtor's potential interest in engaging my services in this case late on April 1, 2026. I tentatively agreed to assume the representation on April 2, 2026, and am filing the accompanying motion on April 3, 2026. Matters have progressed as expeditiously as possible in light of a relatively *sui generis* situation.

5.      Additionally, while the subject application *cannot* be resolved without leave of court (the Bankruptcy Code requires judicial approval of counsel's employment and of the post-petition use of monies outside the ordinary course of business), there has been a *bona fide* effort to resolve as much of the application as possible without a hearing.

6.      Specifically, without the need for a hearing, the secured creditor whose cash collateral will be used to fund a post-petition retainer has been consulted and has agreed to the allowance of such relief.

7.      Finally, I note that given the advanced stage of this case, and the representation of most impacted parties by counsel, I believe service of the motion to which this certification is appended, via CM/ECF, is "a method reasonably calculated to provide timely notice to all affected parties." It does not appear any significantly impacted parties are unrepresented on this docket and, as noted *supra*, the lender whose cash collateral is sought to be used is not only represented by counsel but, too, has been separately consulted in advance of the filing of the motion to expedite.

Dated: April 3, 2026                                    /s/ Maurice B. VerStandig
                                                        Maurice B. VerStandig, Esq.