Maurice B. VerStandig, Esq.
Bar No. 81556
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 991-1101
Facsimile: (301) 444-4600
mac@dcbankruptcy.com
*Proposed Counsel for the Debtor*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 23-11983-KHK |
| | ) | (Chapter 11) |
| 25350 PLEASANT VALLEY LLC | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**MOTION TO (I) SELL PROPERTY FREE AND CLEAR OF LIENS; AND
(II) ASSUME AND ASSIGN LEASES IN CONNECTION WITH SALE OF PROPERTY**

Comes now 25350 Pleasant Valley LLC (the "Debtor" or "Movant"), pursuant to section 363 of title 11 of the United States Code, Federal Rule of Bankruptcy Procedure 6004, and Local Rule 6004-1, and moves this Honorable Court for leave to sell—free and clear of all liens and encumbrances—the real property commonly known as units 175 and 180 situated at 25350 Pleasant Valley Road, Chantilly, Virginia 20152, together will all improvements and fixtures thereupon (the "Property"), and to assume and assign the leases associated therewith in connection with the sale of the Property, and in support thereof states as follows:

I.      **Introduction**

This case stands at a crossroads where confirmation of a chapter 11 plan has been denied and the Debtor must now seek to use the remaining available tools of the bankruptcy process, as best as possible, to facilitate an orderly conclusion to this proceeding in a manner that best serves

the interests of creditors. This is—and always has been—a case centered on the Property. And while issues attendant to the tenants occupying the Property have historically served to frustrate sale-centric endeavors, those hurdles have now been cleared. The Debtor—with the aid of a realtor previously employed herein—has located an arm's length purchaser who wishes to procure the Property for $4,218,000.00 (the "Purchase Price"). Negotiations between directly impacted parties, meanwhile, have created a prism whereby the Purchase Price can be used to (i) fully satisfy a first position lien, (ii) partially satisfy a second position lien in a manner agreeable to the subject lienholder, (iii) compensate the buyer's and seller's agents in accord with a traditional commission structure (at negotiated figures); (iv) provide monies to pay the chapter 7 administrative expenses incurred in this matter; (v) provide monies to pay the chapter 11 administrative expenses incurred in this matter; and (vi) provide monies to pay various closing costs and expenses.

What is proposed herein is a quality agreement that will ultimately yield a better return to creditors than would any other feasible arrangement. The agreement looks out not merely for secured creditors but, too, is mindful of the need to compensate the administrative claimants who have toiled through this lengthy case. And the agreement will bring *de facto* finality to a bankruptcy estate that has otherwise been subject to numerous twists and turns since its inception nearly three years ago.

For these reasons, and as extrapolated upon *infra*, it is respectfully urged the sale of the Property be approved.

## II.      Proposed Sale Specifics

Pursuant to Local Rule 6004-1, the Debtor notes the legal description, for the Property, to be:

Unit A-175 of EPIC AT DULLES SOUTH COMMERCIAL CONDOMINIUM and the limited common elements appurtenant thereto, including the limited common element parking spaces 290, 292, 293, 341, 342, 343, 344, 345, 346, 347, 348,349, 350, and 351, established by condominium instruments recorded as Instrument No. 20070207-0010426 (Plats recorded as Instrument No. 20070207-0010427 and as Instrument No. 20070207-0010428) and any Supplemental Declarations and/or Amendments recorded subsequent thereto, among the land records of Loudoun County, Virginia.

and

Unit A-180 of EPIC AT DULLES SOUTH COMMERCIAL CONDOMINIUM and the limited common elements Appurtenant thereto, including the limited common element parking spaces 174, 175, 176, 177, 178, 179, 180, 286, 287, 288, 289, 352, 353, 354, and 355, established by condominium instruments recorded as Instrument No. 20070207-0010426 (Plats recorded as Instrument No. 20070207-0010427 and as Instrument No. 20070207-0010428) and any Supplemental Declarations and/or Amendments recorded subsequent thereto, among the land records of Loudoun County, Virginia.

Additionally, attached hereto as Exhibit A is the sales contract for which ratification is instantly sought (the "Sales Contract"). As noted therein, the proposed purchaser is Pleasant Valley Holdings III LLC; the proposed sales price is as indicated *supra*; and a deposit of $25,000.00 has been paid by the proposed purchaser.

The Debtor proposes—with the consent of MainStreet Bank (the second-position lienholder on the Property)—to disburse the proceeds of the Sales Contract as follows:

3

| | |
|---|---|
| Sales Price | $4,218,000.00 |
| Total Proceeds | $4,218,000.00 |
| Satisfaction of Lien of Northwest Federal Credit Union (1st Position Lien) | ($1,398,500.00) |
| Discounted Payment of Lien of MainStreet Bank (2nd Position Lien) | ($2,668,989.01) |
| Funds Allocated to Payment of Chapter 7 Administrative Claims | ($26,000.00) |
| Funds Allocated to Payment of Chapter 11 Administrative Claims | ($19,510.99) |
| Funds Applied to Estimated Closing Costs | ($15,000.00) |
| Seller's Agent Commission | ($49,500.00) |
| Buyer's Agent Commission | ($40,500.00) |
| Total Disbursements: | ($4,218,000.00) |

## III.    Argument: The Sale Should be Approved

Disposition of the Property to an arm's length, bona fide purchaser for value will allow this case to realize finality in a manner that best protects the interests of creditors and other parties in interest. With plan confirmation having been denied, it is manifest the Debtor cannot retain the Property. Conversion to chapter 7—for a second time—would only invite the incursion of further administrative expenses and commissions. And dismissal would leave parties in a situation where a sale would almost assuredly be occasioned in the discounted throes of a foreclosure, without any protection for the administrative claimants who have worked through this bankruptcy case's duration. The Purchase Price, meanwhile, is a fair and reasonable price for the Property. And there is thusly apt wisdom in permitting the proposed sale to occur.

As this Honorable Court has previously observed, of the standard governing a sale motion such as this:

4

A sale of substantially all of the assets of the estate prior to plan confirmation requires a "sound business purpose," which in turn requires: (1) a sound business reason or emergency justifying a pre-confirmation sale; (2) that the sale has been proposed in good faith; (3) adequate and reasonable notice of the sale has been provided to interested parties; and (4) the purchase price is fair and reasonable. Courts generally look to the trustee's business judgment in analyzing asset sales under Section 363(b).

In re MCSGlobal Inc., 562 B.R. 648, 654 (Bankr. E.D. Va. 2017) (citing In re W.A. Mallory Co., Inc., 214 B.R. 834, 836 (Bankr. E.D. Va. 1997); In re WBQ P'ship, 189 B.R. 97, 102 (Bankr. E.D. Va. 1995); In re Lionel Corp., 722 F.2d 1063, 1071 (2d Cir. 1983); In re Alpha Nat. Res., Inc., 546 B.R. 348, 356 (Bankr. E.D. Va. 2016)).

Here, there is a sound business reason for selling the Property: the Debtor is facially insolvent and, owing a fiduciary duty to its creditors, In re Fuller's Serv. Ctr. Inc., 675 B.R. 575, 593 (Bankr. N.D. Ill. 2025) (citing 11 U.S.C. § 1107(a); Wolf v. Weinstein, 372 U.S. 633, 650 (1963); In re Schipper, 933 F.2d 513, 516 (7th Cir. 1991)), must now look to efficiently make an optimal return to those creditors. A prompt sale of the Property, at a market-based price, will achieve those ends.

Concerning the second factor: the sale is being proposed in good faith. The proposed purchaser is Pleasant Valley Holdings III LLC (the "Purchaser"), an arm's length, third party entity with no relation to the Debtor. The Purchaser is *not* an insider of the Debtor. The Purchaser does not have any pre-petition relationship with the Debtor. The Purchaser, rather, is an entity located by the realtor formerly employed by the chapter 7 trustee in this case. And there is accordingly ample safety in positing the proposed sale to be one cloaked in good faith.

As for the adequacy of notice: the Debtor intends to give notice of this motion under Federal Rule of Bankruptcy Procedure 2002 but, equally, may ask this Honorable Court to modestly shorten time, so as to allow this matter to be considered on the April 21, 2026 docket

and so as to ensure additional delay not be occasioned.[1] Regardless, this is an ample notice and objection period.

Moreover, addressing the fourth prong: the Purchase Price is fair and reasonable. This is a sum that was arrived upon by the open marketing of the Property, by a reputable real estate agent, for a sufficient period of time. The Purchase Price is a market-tested sum. Even at that, it is a sum that was market tested when there was a belief the Property could be delivered sans extant leases— something that would have made the Property even more valuable. And, especially in the extant economic environment where "volatility" is perhaps the mildest descriptive verbiage, the Purchase Price stands out as being exceptionally reasonable.

At core, the proposed sale is a reasonable exercise of the Debtor's business judgment and should be allowed accordingly.

## IV.    Conclusion

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) ratify the Sales Contract and authorize the Debtor to sell the Property pursuant to the Sales Contract; (ii) order the Debtor to assume all leases for the Property, as of the date of closing of the Sales Contract, and authorize the Debtor to assume the same leases at closing; and (iii) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

---

[1] In light of this uncertainty, the Debtor is forbearing from issuing a notice with the filing of this motion and will wait until the conclusion of the April 7, 2026 hearing to do so.

6

Respectfully submitted,

Dated: April 3, 2026

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 81556
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 991-1101
Facsimile: (301) 444-4600
mac@dcbankruptcy.com
*Proposed Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of April, 2026, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig