Maurice B. VerStandig, Esq.
Bar No. 81556
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@dcbankruptcy.com
*Counsel for the Debtor*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 23-11983-KHK |
| | ) | (Chapter 11) |
| 25350 PLEASANT VALLEY LLC | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**AMENDED ORDER GRANTING AMENDED MOTION TO**
**(I) SELL PROPERTY FREE AND CLEAR OF LIENS; AND**
**(II) ASSUME AND ASSIGN LEASES IN CONNECTION WITH SALE OF PROPERTY**

Upon consideration of the amended motion to sell property free and clear of liens and to assume and assign leases in connection therewith (the "Motion"), DE #542, filed by 25350 Pleasant Valley LLC (the "Debtor"), governing law, the record herein, and arguments presented at a hearing thereupon, it is, by the United States Bankruptcy Court for the Eastern District of Virginia, hereby:

ORDERED, that, subject to the modifications and limitations set forth herein, the Motion be, and hereby is, GRANTED; and it is further

ORDERED, that the Debtor is AUTHORIZED to enter into that certain sales contract attached to the Motion (the "Contract"), DE #542-1, providing for a conveyance of the real property and improvements described therein (the "Property"), subject to the modifications set forth in the Motion and further subject to the modifications set forth herein; and it is further

ORDERED, that by consent of Northwest Federal Credit Union ("NWFCU"), as indicated at a hearing on the Motion, the lien held by NWFCU on the Property shall be satisfied, at a closing on the Contract, through a payment to NWFCU in the sum of $1,460,079.04 plus any amounts owed to it under the cash collateral orders including the budgets attached thereto through the date of closing; and it is further

ORDERED, that by consent of MainStreet Bank ("MainStreet"), as indicated at a hearing on the Motion, the lien held by MainStreet on the Property shall be satisfied, at a closing on the Contract, through a payment to MainStreet in the sum of $2,645,802.69 plus any amounts owed to it under the cash collateral orders including the budgets attached thereto through the date of closing; and it is further

ORDERED, that the liens of NWFCU and Mainstreet shall attach to the proceeds of the Property in the order of their priority but shall be paid in accordance with the terms of this Order; and it is further

ORDERED, that, by consent of Epic at Dulles South Commercial Condominium Unit Owners Association (the "Condo Association"), as indicated at a hearing on the Motion, the lien held by the Condo Association on the Property shall be satisfied, at closing on the Contract, through a payment to the Condo Association in the sum of $16,500.00; and it is further

ORDERED, that tenants occupying the Property shall pay—or cause to be paid—all real estate taxes, due and owing on the Property, at or before closing on the Contract, *except* there shall be no obligation for such taxes to be paid in a sum greater than that prorated as due and owing through the date on which said closing shall occur; and it is further

ORDERED, that, at closing, $40,500.00 of the proceeds shall be paid to the real estate agent for Pleasant Valley Holdings III, LLC (Sadiq Hafiz) (the "Buyer") with $35,500.00 refunded

to the Buyer for application to allowable closing costs with any excess funds after payment of such closing funds to be refunded to Buyer, and this shall be reflected on the settlement statement; and it is further

ORDERED, that no administrative expense claims correlative to this case (including the portion of this case operated under chapter 7 of title 11 of the United States Code) shall be paid at closing on the Contract and, rather, the Debtor shall—after closing on the Contract—hold in a debtor-in-possession bank account all excess monies therein collected and report back to this Honorable Court on the precise sum of such fees collected at closing, allowing for later distribution of such monies to administrative claim holders in such sums, and on such terms, as this Honorable Court may later direct; and it is further

ORDERED, that the administrative expense claim previously granted to the Buyer, DE #401, be, and hereby is, WAIVED, and shall no longer constitute a valid obligation of the Debtor's estate; and it is further

ORDERED, that the modifications to the Contract, proposed in Section IV of the Motion, be, and hereby are, ADOPTED, and made a part thereof, with the Debtor being AUTHORIZED to execute the Contract either (i) in a form that adopts such changes; or (ii) in the form attached to the Motion but with an addendum providing for such changes either directly or through cross-reference to the Motion and/or this Order; and it is further

ORDERED, that the Debtor shall close on the Contract on or before October 5, 2026 or the Debtor shall not be permitted to sell the Property (on October 6, 2026 or at any time thereafter) absent further order of this Honorable Court or dismissal of this case.

Date:
Sep 8 2026

/s/ Klinette H Kindred

Hon. Klinette H. Kindred
United States Bankruptcy Judge

Entered On Docket: Sep 8 2026

I ask for this:

Maurice B. VerStandig, Esq.
Bar No. 81556
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@dcbankruptcy.com
*Counsel for the Debtor*

Seen and Agreed:

/s/ Eugene W. Policastri (signed w/ express permission)
Eugene W. Policastri, Esq.
Policastri Law Firm, LLC
600 Jefferson Plaza
Suite 308
Rockville, Maryland 20852
*Counsel for Northwest Federal Credit Union*

/s/ Eric Schuster (signed w/ express permission)
Eric Schuster, Esq.
Funk & Bolton, P.A.
100 Light Street
Suite 1400
Baltimore, Maryland 21202
*Counsel for MainStreet Bank*

Seen:

/s/ Michael T. Freeman (signed w/ express permission)
Michael T. Freeman, Esq.
Department of Justice
Office of the United States Trustee
1725 Duke Street
Suite 650
Alexandria, VA 22314
Michael.T.Freeman@usdoj.gov
*Counsel for the United States Trustee*

## LOCAL BANKRUPTCY RULE 9022-1(C) CERTIFICATION

I hereby certify that this order has been signed by all necessary parties.

/s/ Maurice B. VerStandig
Maurice B. VerStandig